IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-MJ-2093-JG

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER TO UNSEAL** |
| | ) | **CRIMINAL CASE** |
| MOHAMED ALI SALEH, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on the government's motion (D.E. 5) to unseal a redacted version of the criminal complaint in the above-captioned case. As grounds for unsealing, the government states that the defendant has been indicted and the other subjects connected to the underlying investigation have been arrested.

As an initial matter, the court notes that while the motion requests that only a redacted version of the criminal complaint be unsealed, the entire docket for this case was sealed upon the filing of the original sealed complaint. Consequently, the court will construe the government's motion as one to unseal the entire case with the exception of the original un-redacted complaint.

The proposed redacted complaint filed by the government removes a home address and several business addresses contained therein. While Federal Rule of Criminal Procedure 49.1(a)(5) does require redaction of the city and state of a home address in criminal filings, Rule 49.1(b)(9) exempts charging documents and supporting affidavits from this requirement. As the government has not provided, and the court does not find, any other basis to maintain the un-redacted complaint under seal, the court will direct that the entire case be unsealed, including the original complaint (D.E. 1).

IT IS THEREFORE ORDERED that the government's motion is GRANTED in part and

DENIED in part on the terms specified above, and the Clerk is hereby DIRECTED to unseal this case.

So ORDERED this 12th day of January 2011.

James E. Gates
United States Magistrate Judge